**HOME BOX OFFICE, A DIVISION of TIME WARNER ENTERTAINMENT COMPANY, L.P.,**

v.

**CHAMPS OF NEW HAVEN, INC. d/b/a CHAMPS SPORTS BAR and Salvatore J. Bova.**

**Civ. No. 3:92–549 (JAC).**

United States District Court, D. Connecticut.

Nov. 10, 1993.

Burton B. Cohen, Julie F. Grey, Slater, Sandler & Daniells, Hartford, CT, for plaintiff.

Paul E. Barrett, David D. Berdon, Berdon, Young & Margolis, New Haven, CT, for defendants.

## RULING ON DEFENDANTS' MOTION FOR RELIEF FROM DEFAULT JUDGMENT

JOSÉ A. CABRANES, Chief Judge:

This is an action for statutory damages pursuant to the Communications Act of 1934, 47 U.S.C. §§ 151 *et seq.*, as amended by the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521 *et seq.* ("Communications Act"); the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.* ("Copyright Act"); and both as amended by the Satellite Home Viewer Act of 1988. Pending before the court is the defendants' Motion for Relief from Default Judgment (filed June 7, 1993).

## BACKGROUND

The plaintiff brought this action on November 13, 1992, alleging that the defendants' unauthorized reception, interception, and willful commercial and public exhibition of the plaintiff's satellite cable programming entitled the plaintiff to an award of statutory damages. The plaintiff, Home Box Office (or "HBO"), is a division of Time Warner Entertainment Company, L.P., a limited partnership organized and existing under the laws of the State of Delaware and with its principal place of business in New York, New York. The defendants in this action include Champs of New Haven, Inc., the owner and operator of a commercial establishment operating at 180 Temple Street in New Haven, Connecti-

cut, and doing business as Champs Sports Bar (or "Champs"), and Salvatore J. Bova, the permittee of Champs under Conn.Gen. Stat. § 30–14 and other applicable statutes and regulations.

On December 21, 1992, the defendant Bova moved, through counsel, to dismiss the action against him based on the claim that as the mere permittee he was not responsible or liable for the acts alleged in the complaint. On February 16, 1993, David D. Berdon and Paul E. Barrett, Jr., then counsel to the defendants, moved to withdraw as appearing attorneys, citing a lack of cooperation and communication by defendant Bova regarding this action. In an oral ruling on the record at a status conference on February 22, 1993, the court denied defendant Bova's motion to dismiss and granted the motion to withdraw.

In a typescript Order issued on the same date (see doc. # 11), the court ordered that the defendants file an appearance, either through counsel or pro se, by no later than March 15, 1993.[1] In this Order, the court expressly warned that failure to comply with this deadline would result in a default and, in due course, the entry of a default judgment.[2]

On March 4, 1993, Attorney Barrett filed a Certification of Service of Notice (doc. # 12), confirming service by certified mail, return receipt requested, of the court's February 22, 1993 Order on defendant Bova on February 24, 1993 at the following address: Salvatore J. Bova, 134 Turtle Bay Drive, Branford, CT 06405. The record demonstrates, and the defendant admits, that his wife signed for the materials sent by Attorney Barrett.

After the defendants failed to file an appearance by March 15, 1993, the plaintiff moved for a default for failure to appear on March 18, 1993, which was granted by the Clerk of the Court. On March 30, 1993, a Default Judgment was entered against the defendants in the maximum amount of statutory damages—$250,000—$150,000 pursuant to the Communications Act and $100,000 pursuant to the Copyright Act.

Finally, on June 7, 1993, approximately ten weeks after the entry of a default judgment, Attorney Barrett reentered this case as counsel for the defendants and filed a Motion for Relief from Default Judgment.

After full briefing, an evidentiary hearing was held on the record on November 10, 1993, at which the court reserved decision.

## DISCUSSION

### I.

In support of their motion, the defendants argue that they never received a copy of the plaintiff's motions for default and default judgment. They further argue that the factual allegations involved in this case do not warrant the huge sum of the amount awarded upon default. The defendants contend that they have now retained counsel and that they do intend to present their defenses to this case. They claim that they believed that they were receiving authorized HBO signals and that any unauthorized signal was received by accident or by mistake. In addition, the defendants assert that they received HBO signals only for a brief period of time.

The plaintiff vehemently objects to the defendants' motion, arguing that the defendants' claim that they did not receive the plaintiff's motions for default and default judgment is simply not credible. According to the plaintiff, copies of these motions were personally delivered to defendant Bova and mailed to Mr. Bova's residence in Branford and to Champs Sports Bar in New Haven.

The plaintiff further maintains that it has expended a great deal of time, money and effort in prosecuting this case, and has made every effort to communicate with the defendants and to settle this action out of court. According to the plaintiff, it has properly complied with the court's procedures in obtaining a Default Judgment, and it should not be forced to go through the whole process again simply because the defendants have now decided that they want to defend this

---

1. Corporations, of course, are required to file an appearance through counsel, but individual defendants are free to file an appearance either pro se or through counsel.

2. The court's Order explicitly indicated the possibility not only of a default but of the entry of a default judgment as well. See Order of February 22, 1993 (doc. # 11), at ¶ 2.

action. According to the plaintiff, the defendants should not now be relieved from the Default Judgment merely because they have finally come to appreciate the seriousness and magnitude of the consequences of their actions.

## II.

A motion for relief from judgment is governed by Rule 60(b) of the Federal Rules of Civil Procedure. Under that provision, a court may relieve a party form a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

█ The defendants' claim for relief here is based on Rule 60(b)(1) and (6). With regard to Rule 60(b)(1), the court finds that the defendants' neglect in this action was not inadvertent or excusable under any arguable criteria. The defendant Bova filed a motion to dismiss on December 21, 1992, so he was evidently aware of the pendency of this action. Furthermore, the record clearly establishes that he had notice of the court's Order of February 22, 1993, which required him to file an appearance by no later than March 15, 1993. *See* Certification of Service of Notice (doc. # 12), filed on March 4, 1993 by Attorney Barrett, confirming service of the court's February 22, 1993 Order on defendant Bova on February 24, 1993. To reiterate, the Order explicitly warned defendant Bova of the possibility of the entry of a default judgment should he fail to comply with the court's deadlines.

The Affidavit of Timothy L. Maple (filed March 31, 1993) (doc. # 19), further confirms the personal delivery by courier to the defendant's business establishment, on March 19, 1993, at approximately 2:25 p.m., of the plaintiff's Motion for Default for Failure to Appear and the plaintiff's Motion for Judgment of Default. The plaintiff has also represented that it mailed copies of these documents to Bova's personal residence and to Champs Sports Bar.

The court simply does not credit the testimony of defendant Bova that he was not aware of the plaintiff's formal efforts to obtain a default judgment against him. The defendant's change of address approximately one year ago from 134 to 126 Turtle Bay Drive in Branford, Connecticut is of absolutely no consequence, especially in light of the fact that on February 24, 1993, defendant Bova's wife signed for materials sent to the assertedly outdated address.[3] Defendant Bova's claim that he did not in fact receive these materials, even though his wife signed for them, is particularly incredible. His claim that he did not receive a copy of the plaintiff's motions for default and default judgment, even though the plaintiff provided three separate types of notice, is similarly unconvincing.

Indeed, defendant Bova's demeanor and attitude, as well as the substance his testimony, at the November 10, 1993 hearing—taken separately or in combination—demonstrate how entirely unpersuasive his assertions are that he was not aware of either the court's March 15, 1993 deadline, the plaintiff's motions for default and default judgment, or the potential consequences of his deliberate refusal to cooperate with counsel or with the court.

It is unfortunate that defendant Bova neither cooperated with his or opposing counsel nor complied with a direct order of this court. But it is precisely this type of evasive behavior that Fed.R.Civ.P. 55, which provides for the entry of default and default judgment, was designed to prevent.

In sum, based on this record and under these circumstances, the court finds that the defendant Bova's failure to defend this action properly and to comply with court orders and

---

3. It is also worth noting that, while the defendants' motion was filed on June 7, 1993, defendant Bova's own counsel learned of this change of address only during the November 10, 1993 hearing, which was actually rescheduled twice— from September 2, 1993 and November 9, 1993.

deadlines does not constitute "mistake, inadvertence, surprise, or excusable neglect." Accordingly, any motion for relief from judgment based on Rule 60(b)(1) must fail.

With regard to Rule 60(b)(6), the defendants have not suggested, much less persuasively demonstrated, "any other reason" justifying relief. Put simply, the defendants have not convinced the court of any reason why they should be permitted at this late stage to reopen the merits of this litigation.

Accordingly, the defendants' motion must be denied.

### III.

■ While the court declines to reopen the Default Judgment, it does find that the maximum amount of statutory damages—$250,-000—is demonstrably excessive under the circumstances presented. The plaintiff alleges merely that investigations conducted on or about October 31, 1992 revealed that the defendants, without authorization, intercepted, received and commercially and publicly exhibited the plaintiff's satellite cable programming. There are no allegations of repeated violations over an extended period of time, of substantial unlawful monetary gains by the defendants, or, conversely, of any significant actual damages to the plaintiff. On this record, the court is hard pressed to find a justification for awarding to the plaintiff a quarter of a million dollars.

■ Inasmuch as the amount of statutory damages under 47 U.S.C. §§ 553(c)(3)(B) and 605(e)(3)(C) and 17 U.S.C. § 504 is discretionary, the court, in the exercise of its discretion, finds that the appropriate amount of statutory damages under the circumstances presented is $10,000. Accordingly, the Default Judgment is hereby amended and Final Judgment shall enter against the defendants and in favor of the plaintiff in the amount of $10,000.

As with the amount of statutory damages, it is also within the court's discretion to award costs and reasonable attorney's fees pursuant to 47 U.S.C. §§ 553(c)(2)(C) and 605(e)(3)(B)(iii). The plaintiff originally filed a Motion for Attorney's Fees on May 12, 1993, but on September 30, 1993, the court denied that motion, without prejudice to renewal pending a decision on the defendants' Motion for Relief from Default Judgment. At the November 10, 1993 hearing, the plaintiff indicated that—in the event that the court denied the defendants' motion—it would reinstate its motion for attorney's fees.

■ Inasmuch as the defendants' motion is in fact denied, the court can now consider the plaintiff's application for costs and attorney's fees. Given the history of this case, including defendant Bova's refusal to cooperate with counsel, his failure to comply with a direct court order, and his repeated attempts to spurn this litigation, the court concludes that an award of costs and reasonable attorney's fees is fully warranted under the circumstances presented.

### CONCLUSION

Based on the record, and for the reasons stated above, the defendant's Motion for Relief from Default Judgment (filed June 7, 1993) (doc. # 24) is hereby DENIED. The Default Judgment in this action is hereby AMENDED so that Final Judgment shall enter against the defendants and in favor of the plaintiff in the amount of $10,000 plus costs and reasonable attorney's fees.

It is so ordered.